**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:14CR145** |
| | ) | |
| Plaintiff-Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Dustin Shepherd,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and petitioner's Amended Motion for Relief Under § 2255 (Docs. 46 and 47). On April 22, 2014, petitioner was charged with conspiracy to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Count 1); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts 2 and 6); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Count 4); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 5); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 7). Petitioner pled guilty to Counts 1, 2, 6 and 7 of the indictment on September 12, 2014. This Court sentenced petitioner as a career offender under U.S.S.G. § 4B1.1, based on his prior

California convictions for burglary, resisting an executive officer, and possession for sale of controlled substance. Petitioner raises two arguments in his motion to vacate: (1) counsel was ineffective for failing to object to the vague language in the residual clause of the career offender guidelines; and (2) his burglary and resisting an officer offenses no longer qualify as violent offenses under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which struck down the residual clause of the Armed Career Criminal Act's (ACCA) definition of a "violent felony" as void for vagueness.

The Sixth Amendment guarantees a criminal defendant the right to effective counsel at all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

The Sixth Circuit has held that because counsel's performance must be judged based on his or her perspective at the time, "subsequent legal developments are relevant only if those developments were clearly foreshadowed by existing decisions." *Baker v. Voorhies*, 392 Fed. Appx. 393, 400 (6th Cir. 2010) (quotations omitted). "Outside of this narrow exception, 'counsel

is not ineffective for failing to predict the development of the law.'" *Id.* Here, counsel was not ineffective for failing to predict the Supreme Court's holding in *Johnson.* Indeed, before *Johnson*, the Supreme Court had twice rejected the argument that the residual clause of the ACCA was void for vagueness. *See James v. United States*, 550 U.S. 192 (2007) (overruled by *Johnson*); *Sykes v. United States*, 131 S. Ct. 2267 (2011) (same). Thus, counsel's failure to challenge the identically-worded residual clause of the Guidelines was not deficient.

Petitioner's argument that his burglary and resisting an officer offenses no longer qualify as violent felonies under *Johnson* is also without merit. In *In re Lewis*, the Sixth Circuit held that, as applied to the residual clause of the Guidelines, *Johnson* is not retroactive to cases on collateral review. No. 15-3915, at *2 (June 29, 2016); *see also Carson v. United States*, 5:11 CR 145 (N.D. Ohio May 6, 2016).

For these reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and petitioner's Amended Motion for Relief Under § 2255 (Docs. 46 and 47) are DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


 */s/ Patricia A. Gaughan*
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/1/16