# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:14 CR 145-001 |
| | ) | |
| Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Dustin C. Shepherd, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Petitioner. | ) | |

## Introduction

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 60). For the following reasons, the motion is DENIED.

## Facts

On April 22, 2014, Petitioner was indicted for conspiracy to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

1

(b)(1)(D); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner pleaded guilty to four counts of the indictment pursuant to a plea agreement. Based on Petitioner's prior felony convictions, Petitioner was classified as a career offender with an offense level 34, and was sentenced under the United States Sentencing Guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), Petitioner subsequently filed a motion for reduction of sentence, which this Court denied. On March 11, 2016, Petitioner filed a motion for leave to file a § 2255 petition out of time. The Court granted that motion, citing a potential issue with *Johnson v. United States*, 135 S. Ct. 2551 (2015). On May 24, 2016, Petitioner filed his initial § 2255 petition. He voluntarily dismissed that petition after the Supreme Court issued *Beckles v. United States*, 137 S. Ct. 886 (2017). On June 1, 2017, Petitioner filed the § 2255 petition at issue here.

### **Standard of Review**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### **Analysis**

2

Petitioner has set forth several arguments in support of his § 2255 motion. At the outset, however, the Court must determine: (1) whether Petitioner's brief is a "second or successive" § 2255 motion, and (2) whether it has been timely filed.

**A. Second or Successive Motion**

Federal law prohibits petitioners from bringing claims in a "second or successive" application for relief under § 2255 if those claims could have been brought in an earlier application. *Clark v. U.S.,* 764 F.3d 653, 657 (6th Cir. 2014) (citing 28 U.S.C. §§ 2244, 2254-55(h)). Before a federal prisoner can file a "second or successive" § 2255 motion, the petitioner must move in the Sixth Circuit for an order authorizing the district court to consider the filing. *Id.* The Government argues that the Court must dismiss this petition because Petitioner's previously filed § 2255 motion was dismissed, and Petitioner failed to obtain authorization from the Sixth Circuit to file his second petition. Petitioner argues that because he voluntarily dismissed his first § 2255 petition, he is entitled to file another without seeking Sixth Circuit approval.

Upon review, this Court agrees with Petitioner that his motion is not a "second or successive" petition. The Sixth Circuit has held that an initial § 2255 petition is not complete until the petitioner has lost on the merits and exhausted his appellate remedies. *Clark*, 764 F.3d at 658; *see also Blue v. United States of America*, 2013 WL 5298348 (N.D. Ohio Sept. 20, 2013) (One exception to the ban on "second and successive" petitions exists when a petitioner raises claims in an initial petition which are dismissed without prejudice). Petitioner filed a motion to voluntarily dismiss his first § 2255 petition without prejudice on March 31, 2017, and this Court granted that motion. Therefore, the initial § 2255 petition was not considered on the merits. As

such, the instant petition is not "second or successive," and Petitioner need not seek authorization from the Sixth Circuit in order to proceed.

### B. Statute of Limitations

Petitioner argues, in part, that he is entitled to relief under *Mathis v. United States,* 136 S. Ct. 2243 (2016) because California's burglary law is broader than those of "generic" burglary statutes, and that his conviction under that law could not constitutionally give rise to a sentence enhancement. The Government argues that Petitioner's motion is untimely because he filed it more than one year after the Court's judgment became final, and *Mathis* does not set forth a new rule of law that would extend the limitations period.

Upon review, the Court agrees with the government. A one-year statute of limitations applies to Section 2255 motions. The limitations period begins to run from the latest of:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the statute of limitations began to run on December 29, 2014, which was the last day on which Petitioner could have filed an appeal from his sentence. *See Gillis v. U.S.*, 729 F.3d 641 (6th Cir. 2013) (conviction becomes final and limitations period begins to run for a §

4

2255 petition when the time for direct appeal expires and no appeal has been filed). Petitioner did not file his motion until June 1, 2017. Petitioner argues that § 2255(f)(3) should apply to extend the limitations period, because the Court decided a new rule of law in *Mathis* which renders his sentence unconstitutional, and *Mathis* is retroactive. This argument misstates the law. The Sixth Circuit recently held that *Mathis* is not retroactive. *In re Conzelmann*, 2017 WL 4159184 (6th Cir. Sept. 20, 2017). Because *Mathis* is not retroactive, § 2255(f)(3) does not apply, and Petitioner has no statutory basis for filing his petition out of time.

Petitioner argues that even if *Mathis* is not retroactive, his petition is not time-barred. Petitioner argues that he should be given one year from April 3, 2017, the date on which he voluntarily dismissed his first § 2255 motion, to file this petition. Petitioner cites *Castro v. United States*, 540 U.S. 375 (2003) to support his argument. Petitioner's reliance on *Castro* in this context is misplaced. *Castro* held that a court may not recharacterize a pro se litigant's motion as a § 2255 motion without first informing the litigant of its intent to recharacterize the motion, and provide the litigant with an opportunity to withdraw or amend the filing. *Id.* at 383. These circumstances did not occur here, and *Castro* does not affect Petitioner's one-year limitations period.

Moreover, Petitioner's original § 2255 motion was also filed late. This Court granted Petitioner leave to file his motion late "due to a potential *Johnson* issue." *See* Order, Apr. 4, 2016. The order did not generally extend Petitioner's right to file a § 2255 motion on all grounds. Once the *Johnson* question was resolved through *Beckles v. United States*, 137 S. Ct. 886 (2017), and the Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, Petitioner's argument (and basis

for filing a late motion) no longer applied.

Finally, Petitioner argues that this Court should apply the doctrine of equitable tolling to his limitations period because he has diligently pursued his rights since his sentencing on December 15, 2014. The Government does not respond to Petitioner's equitable tolling argument because Petitioner raised it for the first time in his Reply brief.

The one-year statute of limitations for filing a § 2255 petition may be subject to equitable tolling. *Johnson v. U.S.*, 2012 WL 171379, *7 (6th Cir. Jan. 23, 2012). "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted). Petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010) (internal quotations omitted). The Sixth Circuit has explained that courts should not be rigid in applying this standard and should "consider each claim for equitable tolling on a case-by-case basis." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012); *Jefferson v. U.S.*, 730 F.3d 537, 549 (6th Cir. 2013). Nevertheless, equitable tolling should be used "sparingly." *Jones*, 689 F.3d at 627.

Petitioner argues that he has been pursuing his rights diligently. In support of his argument, he states that he wrote to the Court and exchanged correspondence with his attorney in 2015, before the limitations period expired. Petitioner also filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), which he now claims was intended to be a § 2255 motion. Petitioner argues that he did not receive the Presentence Report that he requested from the prison

6

institution and from his attorney, which delayed his efforts to file.

Upon review, the Court finds that equitable tolling does not apply to Petitioner's limitations period. Petitioner has not demonstrated that any "extraordinary circumstance" existed that prevented him from filing a timely motion. Petitioner's claim that he did not receive his requested Presentence Report does not constitute an "extraordinary circumstance" under the statute. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (lack of access to trial transcript not enough to entitle a habeas petitioner to equitable tolling). A Presentence Report is not necessary to file a habeas petition and did not prevent Petitioner from timely filing his motion. Petitioner's pro se status and the fact that he filed a § 3582(c)(2) motion do not change the analysis. Petitioner's motion for sentence reduction was properly submitted under 18 U.S.C. § 3582(c)(2), considered on the merits, and ruled upon by this Court. The filing of that motion does not affect the § 2255 limitations period.

Because Petitioner has not shown that any "extraordinary circumstances" prevented him from filing his § 2255 motion on time, equitable tolling does not apply and Petitioner's motion is barred by the statute of limitations. *See Hall*, 662 F.3d at 751-52 (6th Cir. 2011) (petitioner's pro se status, inability to access his trial transcript, and limited law-library access insufficient to warrant equitable tolling of limitations period).

### C. Failure to Raise Arguments on Direct Appeal

Even if Petitioner had filed a timely motion, he would not be entitled to relief under § 2255. Petitioner argues that his original sentence was imposed in violation of the Constitution or laws of the United States pursuant to the Supreme Court holdings in *Johnson, Mathis,* and *Descamps v. United States,* 133 S. Ct. 2276 (2013). Petitioner also argues that he was

7

incorrectly sentenced twice for the same offense. These arguments are waived because they were not raised on direct appeal. *See McCrary v. U.S.,* 1999 WL 313831, at *2 (6th Cir. May 3, 1999) ("Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom."). Petitioner argues instead that the Court may consider these arguments because under Fed. R. Crim. Pro. 36, the Court may correct clerical errors at any time. Petitioner's argument is unavailing. Courts have consistently interpreted Rule 36 as "dealing only with clerical errors, not with mistakes or omissions by the court." *U.S. v. Young Ko*, 2012 WL 2301126, *3 (6th Cir. June 19, 2012) (citing *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008)). Petitioner was required to present his arguments regarding errors in his sentencing on direct appeal to the Sixth Circuit. Petitioner never filed an appeal, and he did not address this failure to appeal in his § 2255 motion. Therefore, even if Petitioner's arguments were timely raised, the Court would not address them.

**Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 60) is denied. To the extent that Petitioner has requested an evidentiary hearing, the Court denies his request as unnecessary. No hearing is necessary where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Court
                                            Chief Judge

Dated: 11/13/17